[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14471
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

Agency No. A099-982-771


CARLOS JOSE TORREALBA GUERRERO,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 25, 2012)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Jose Torrealba Guerrero, a native and citizen of Venezuela, appeals the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").

Guerrero's appeal concerns only his withholding of removal claim which provides relief when the deportee's "life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."[1] 8 U.S.C. § 1231(b)(3)(A). On appeal, Guerrero argues that the IJ did not make an adverse credibility determination and, in the alternative, that the IJ's credibility determination and the BIA's affirming decision were made in error.[2]

---

[1]Guerrero does not raise any argument regarding the BIA's dismissal of his asylum claim and his CAT withholding of removal claim, and the issues have been abandoned on appeal. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2] Guerrero also argues that he was denied his due process rights to a fair and impartial hearing when the IJ refused to allow him to testify about his sister's political activity and the harm she suffered while in Venezuela, however, because Guerrero never raised this claim before the BIA, this Court lacks jurisdiction to review it. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

We review factual determinations, which include credibility determinations, under the substantial-evidence test and affirm if the determination "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254-55 (11th Cir. 2006) (citation omitted).

In this case, we find that the IJ made and the BIA affirmed an explicit adverse credibility determination and that substantial evidence in this record supports that determination. In making the adverse credibility determination, the IJ relied upon several inconsistencies between Guerrero's testimony, his application for withholding of removal, and his ex-wife's asylum application on which he was listed as a derivative applicant. Guerrero did not explain why his then wife did not list him as a member of a political organization on her asylum application despite the application's specific query. The IJ also found it significant that his ex-wife did not include the incidents in which Guerrero testified that he was physically attacked near their joint home in Venezuela and the attempted kidnaping of his daughter on her asylum application. In addition, Guerrero did not indicate why, although he submits that he was active in the First Justice Party since 1997, he did not detail incidents of persecution until 2005. Given these inconsistencies, additional corroborating evidence may have helped

3

Guerrero meet his burden of proof; however, Guerrero failed to provide affidavits from witnesses of the violent incidents that he alleges occurred, and neither his mother nor his sister, who according to his testimony were both granted asylum and are resident in the United States, testified at his hearing. These and other indicia of credibility that are detailed in the IJ's decision are supported by the record.

In short, the IJ and BIA credibility determinations were based on substantial evidence and this Court cannot conclude that the record compels a different conclusion.

**PETITION DENIED.**